IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-02842-MSK

T-BONE CONSTRUCTION, INC.,

      Plaintiff,

v.

GEIS CONSTRUCTION SOUTH, LLC,

      Defendant.

## OPINION AND ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiff, T-Bone

Construction, Inc., commenced this case in the Colorado District Court for El Paso County. The

Complaint **(#6)** asserts claims for breach of contract. The Defendant, Geis Construction South,

LLC, removed the case to this Court. The Notice of Removal **(#1)** cites 28 U.S.C. § 1332 as the

basis for this Court's subject matter jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in

federal court. 28 U.S.C. § 1441(a). In this case, removal is premised on diversity jurisdiction

under 28 U.S.C. § 1332(a). Diversity jurisdiction exists when the case involves a dispute

between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. §

1332(a)(1). As the party invoking the federal court's jurisdiction, the Defendant bears the

burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See*

*Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The Court is

1

required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants.  In other words, no defendant can be a citizen from the same state as any plaintiff.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Although the Tenth Circuit has not specifically address the issue of citizenship of LLC's, the consensus among the circuits is that an LLC is deemed to be a citizen of all of the states of which its members are citizens.  *See MCP Trucking, LLC v. Speedy Heavy Hauling, Inc.*, 2014 WL 5002116 (D.Colo. 2014) (collecting cases).   Here, neither the Complaint nor the Notice of Removal contains any factual allegation with regard to who the members of the Defendant limited liability company are or what their citizenship is.  Without such allegations, it is impossible to determine whether there is complete diversity between the parties.

In addition,  for diversity jurisdiction, the requisite amount in controversy  must be apparent in either the allegations in the complaint or in the notice of removal.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Here, the Defendant offers neither.  Instead, it relies solely on a representation on its Colorado State Court Civil Case Cover Sheet that it is seeking damages in excess of $100,000.  For the reasons stated in *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007), the Court finds that the representations made in the Civil Case Cover Sheet are insufficient to establish the amount in controversy.  As noted in *Baker*, the Civil Case Cover Sheet is not an exhibit to, or part of, the Complaint.  It contains no factual allegations. Instead, it is an unverified form that triggers a particular procedural course in the state case based upon the designation of whether the judgment sought is greater or less than $100,000.

Accordingly, the Court finds that the Defendant has failed to establish diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  This Court therefore lacks subject matter jurisdiction over the claims asserted in this action.  The clerk is directed to **REMAND** the case to the Colorado District Court for El Paso County.

Dated this 16th day of December, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge